[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PROPOSED FOURTH COMPLAINT
The plaintiff, James Dodge (Dodge) filed a complaint against Edward M. Lane, M.D., FACS (Lane), The Connecticut Sinus Center, P.C. (Sinus Center), Lawrence P. Kirschenbaum, M.D. (Kirschenbaum), Bridgeport Anesthesiology Associates, P.C. (Anesthesiology Associates) and Bridgeport Hospital on May 15, 1996 alleging medical malpractice.
On July 11, 1997, Dodge filed a request for leave to file a revised complaint along with a proposed second revised complaint. Defendants, Kirschenbaum and Anesthesiology Associates filed an objection to the request for leave to file the revised complaint on July 21, 1997 which stated that: 1) the request to revise which they had filed on November 21, 1996 requested that Dodge delete the doctrine of res ipsa loquitur alleged in paragraph nine of the second revised complaint on the ground that it is not applicable to a medical malpractice action; 2) Dodge did not file an objection to this request to revise; and 3) Dodge in the fourth count of the proposed revised complaint dated July 11, 1997, has set forth the same allegations concerning res ipsa loquitur which were contained in the second count of the revised complaint filed on October 31, 1996. Therefore, Kirschenbaum and Anesthesiology Associates argued that Dodge should not be permitted to file a second revised complaint setting forth a claim for res ipsa loquitur. CT Page 4549 The court, Melville, J., sustained the objection on October 2, 1997.
On December 1, 1997, Dodge filed a third revised complaint and a request for leave to file a fourth revised complaint. Bridgeport Hospital filed an objection to Dodge's fourth revised complaint on December 11, 1997 stating that "the court, (Melville, J.), previously sustained the undersigned defendant's objection to the plaintiff's attempt to assert a cause of action sounding in res ipsa loquitur. . . . Since this theory has already been adjudicated by this court as improper, the plaintiff's fourth revised complaint is also improper and in contravention of the court's order." On December 18, 1997, Dodge filed a request for oral argument and a response to Bridgeport Hospital's objection to Dodge's fourth revised complaint arguing: 1) "Connecticut law does not preclude the bringing of a medical malpractice action based onres ipsa loquitur and, in fact, recent case law explicitly upholds it" and 2) "Judge Melville's prior ruling did not preclude the filing of a request to file a complaint based onres ipsa loquitur."
The court is of the opinion that Dodge's request for leave to file a fourth revised complaint setting forth a claim for res ipsa loquitur should be denied. On October 2, 1997, the court, Melville, J., sustained Kirschenbaum and Anesthesiology Associates' objection to a second revised complaint setting forth a claim for res ipsa loquitur. In addition, on August 11, 1997, the court, Melville, J., sustained Bridgeport Hospital's objection to a second revised complaint setting forth a claim for res ipsa loquitur.
"The law of the case. . . is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge. Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied . . . was clearly erroneous and would work a manifest injustice if followed, he may apply CT Page 4550 his own judgment." (Citations omitted.) Breen v. Phelps,186 Conn. 86, 99-100, 439 A.2d 1066 (1982).
The proposed fourth revised complaint sets forth a claim for res ipsa loquitur identical to that set forth in the second revised complaint. The court, Melville J., sustained the objections of Bridgeport Hospital and Kirschenbaum and Anesthesiology Associates to the second revised complaint alleging res ipsa loquitur. In the absence of clear error or manifest injustice. Accordingly, Dodge's request for leave to file the fourth revised complaint to allege res ipsa loquitur must be and is now denied.
DAVID W. SKOLNICK, JUDGE